IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cv232-3-W
[3:05CR400]

| DIANE BEVERLY SIGUENZA, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed June 8, 2009 (Document No. 1.)

Pursuant to Rule 2 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a petitioner must sign her motion under penalty of perjury. Petitioner did not sign her petition on the last page (page 14) of her form petition under the section stating "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct . . . ." Consequently, this Court is dismissing Petitioner's Motion to Vacate without prejudice for failure to comply with the requirements of Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

The Court cautions Petitioner that if she decides to re-file her Motion to Vacate, she must be cognizant of the Antiterrorism and Effective Death Penalty Act's one year limitations period. It appears while Petitioner filed an appeal on November 14, 2008, she subsequently moved to

withdrew that appeal. Consequently, the Fourth Circuit issued on Order on December 31, 2008 granting Petitioner's Motion to Dismiss and also issued the mandate on the same day. Therefore, Petitioner's one year limitations period would begin to run on December 31, 2008. Petitioner must be mindful of that calculation if she chooses to re-file her Motion to Vacate.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED without prejudice**.

**SO ORDERED.**

Signed: June 12, 2009

Frank D. Whitney
United States District Judge